UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUDY FILLINGER<br>12614 Britton Drive<br>Cleveland, Ohio 44120 | :<br>:   Civil Action Number<br>: |
| vs. | : |
| THIRD FEDERAL SAVINGS<br>AND LOAN ASSOCIATION<br>7007 Broadway Avenue<br>Cleveland, Ohio 44105 | :   COMPLAINT UNDER THE<br>:   FAIR CREDIT REPORTING ACT<br>:                         &<br>:   EQUAL CREDIT OPPORTUNITY ACT |

**COMPLAINT**

------ The Complaint Alleges Five Failures of a Lender in a Mortgage Refinance Regarding Derogatory Credit Information, Including Failing to Credit the Reports of Court Judgments Offered Under Law to Correct Incorrect Derogatory Credit Information, Lender Offering Shifting Explanations for Denial of Credit and Lender Offering Shifting Sources of Derogatory Information.  The Counts Proceed Chronologically Rather Than in Order of Importance-------

JURISDICTION

1.)  This Court has subject matter jurisdiction under 28 USC 1331 as the action arises from obligations under federal law, the Fair Credit Reporting Act, 15 USC 1681p, and the Equal Credit Opportunity Act, 15 USC 1691.

COUNT ONE

------------ Wherein Plaintiff Makes Written Application for a Mortgage Refinance Loan, Defendant Demands Additional Credit Information from Plaintiff, Defendant Denies Loan Based on Plaintiff Information that Plaintiff Settled Real Estate Debt for Less than Full Balance, Plaintiff Denies Providing This Information, Plaintiff Sues Because Defendant Failed to Notify Plaintiff of Right to Source of Information Under the Fair Credit Reporting Act -----------.

2.) In August, 2020, Plaintiff made a Uniform Residential Loan Application, identical to Form 5, Appendix, of 12 CFR 1002 (Regulation B), to refinance an existing residential mortgage.

3.)  Plaintiff disclosed on that application that Plaintiff had been directly obligated on a loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment.

4.) On August 11, 2020 Defendant's agent Marvella Munroe more specifically asked for confirmation whether Plaintiff was "directly or indirectly involved in a loan that resulted in a foreclosure."

5.)  On September 15, Marvella Munroe stated  "Need all bankruptcy documentation also for review if proof of foreclosure dismissed can be given.  This would be needed for review."

6.) On September 15, 2020, Plaintiff provided copies of portions of the dockets of three foreclosure cases, one a refiled case, resolved 8/31/2010, 9/24/2014, and 12/28/2012, and the PACER bankruptcy report showing listed Real Property, the Schedule of Secured Creditors, and the discharge of Debtor/Plaintiff dated 5/20/2009.

7.)  On September 19, 2020, Marvella Munroe stated in an e-mail "After review of supporting documents for foreclosure/bankruptcy, unfortunately, the loan was denied. No loan due to Settled real estate debt for less than full balance.(2 of properties were Sheriff Sales)."

8.)  Plaintiff was uncertain what "supporting documents" were used to deny the loan for "settled real estate debt for less than full balance" since nothing provided by Plaintiff stated she settled a real estate debt for less than full balance.  Defendant had asked for "proof of foreclosure dismissed." The first case Plaintiff had provided, the foreclosure of 2010, had been dismissed by the court for failure to prosecute.  The foreclosure cases completed in 2012 and 2014 in both cases specifically ruled Plaintiff had no personal obligation on the debt and was not a party to the suit, which proceeded thereafter in rem.  Dismissal of the Plaintiff from the foreclosures was mandatory under the bankruptcy discharge injunction of May 20, 2009, which forbade any subsequent action against Plaintiff to collect on the loan obligation.  So Plaintiff did not know the source of the information that Plaintiff had settled real estate debt for less than full balance.

9.)  The Fair Credit Reporting Act at Section 615(b) requires that whenever credit for personal, family, or household purposes is denied because of information obtained from a person other than a consumer reporting agency bearing upon a consumer's credit worthiness, the user of such information shall clearly and accurately disclose to the consumer his right to make written request for such information at the time such adverse action is communicated to the consumer.

10.)  Nothing in the denial of loan of September 19 notified Plaintiff of her right to make written request for the information providing the basis of the denial of loan, nor disclosed the source of the information.  This omission was willful or alternatively negligent.

11.)  **Wherefore** Plaintiff seeks $100 in actual damages, costs and attorney fees.

COUNT TWO

------ Wherein Plaintiff States Defendant's Initial Notice of Denial of Credit Failed to Provide the Pro Forma Notice Required Under the Equal Credit Opportunity Act  and Seeks Minimal Damages ------

12.) In August, 2020, Plaintiff made a Uniform Residential Loan Application, identical to Form 5, Appendix, of 12 CFR 1002 (Regulation B), to refinance an existing residential mortgage.

13.)  Plaintiff disclosed on that application that Plaintiff had been directly obligated on a loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment.

14.)  On August 11, 2020 Defendant's agent Marvella Munroe more specifically asked for confirmation whether Plaintiff was "directly or indirectly involved in a loan that resulted in a foreclosure."

15.)  On September 15, Marvella Munroe stated  "Need all bankruptcy documentation also for review if proof of foreclosure dismissed can be given.  This would be needed for review."

16.) On September 15, 2020, Plaintiff provided copies of portions of the dockets of three foreclosure cases, one a refiled case, resolved 8/31/2010, 9/24/2014, and 12/28/2012, and the PACER bankruptcy report showing listed Real Property, the Schedule of Secured Creditors, and the discharge of Debtor/Plaintiff dated 5/20/2009.

17.)  On September 19, 2020, Marvella Munroe stated in an e-mail "After review of supporting documents for foreclosure/bankruptcy, unfortunately, the loan was denied. No loan due to Settled real estate debt for less than full balance.(2 of properties were Sheriff Sales)."

18.)  Plaintiff was uncertain what "supporting documents" were used to deny the loan for "settled real estate debt for less than full balance" since nothing provided by Plaintiff stated she settled a real estate debt for less than full balance.  Defendant had asked for "proof of foreclosure dismissed." The first case Plaintiff had provided, the foreclosure of 2010, had been dismissed by the court for failure to prosecute.  The foreclosure cases completed in 2012 and 2014 in both cases specifically ruled Plaintiff had no personal obligation on the debt and was not a party to the suit, which proceeded thereafter in rem.  Dismissal of the Plaintiff from the foreclosures was mandatory under the bankuptcy discharge injunction of May 20, 2009, which forbade any subsequent action against Plaintiff to collect on the loan obligation.  So Plaintiff did not know the source of the information that Plaintiff had settled real estate debt for less than full balance.

19.)  The Equal Credit Opportunity Act as affected through 12 CFR 1002.9(a)(2) requires that notification of an adverse action shall contain a statement of the provisions of section 701(a) of the Act, which shall be substantially similar to the notice set forth at 12 CFR 1002.9(b)(1).

20.)  The notification of denial of loan of September 19 did not disclose tis notification.

21.)  The omission was not inadvertent.

22.)  **Wherefore**  Plaintiff seeks $100 in actual damages, attorney fees and costs per 12 CFR 1002.16(b) and (c).

## COUNT THREE

-------Wherein Plaintiff Makes Application for a Mortgage Loan, Defendant Demands Supplementary Credit Information Regarding Bankruptcy and Foreclosures from Plaintiff, Plaintiff Provides Foreclosure Court Cases That Ruled Plaintiff Was Not a Party to the Foreclosures, Defendant Ignores Case Information Provided by Plaintiff, Defendant States that Loan Denial Was Based on Being a Defendant in a Foreclosure, Plaintiff Sues Defendant for Failure to Consider Opposing Credit Information as required by the Equal Credit Opportunity Act-----.

23.)  In August, 2020, Plaintiff made a Uniform Residential Loan Application, identical to Form 5, Appendix, of 12 CFR 1002 (Regulation B), to refinance an existing residential mortgage.

24.)  Plaintiff disclosed on that application that Plaintiff had been directly obligated on a loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment.

25.)  On August 11, 2020 Defendant's agent Marvella Munroe more specifically asked for confirmation whether Plaintiff was "directly or indirectly involved in a loan that resulted in a foreclosure."

26.)  On September 15, Marvella Munroe stated  "Need all bankruptcy documentation also for review if proof of foreclosure dismissed can be given.  This would be needed for review."

27.) On September 15, 2020, Plaintiff provided copies of portions of the dockets of three foreclosure cases, one a refiled case, resolved 8/31/2010, 9/24/2014, and 12/28/2012 and the PACER bankruptcy report showing listed Real Property, the Schedule of Secured Creditors, and the discharge of Debtor dated 5/20/2009.

28.)  On September 19, 2020, Marvella Munroe stated in an e-mail "After review of supporting documents for foreclosure/bankruptcy, unfortunately, the loan was denied.

No loan due to Settled real estate debt for less than full balance.(2 of properties were Sheriff Sales)."

29.)  Plaintiff was uncertain what "supporting documents" were used to deny the loan for "settled real estate debt for less than full balance" since nothing provided by Plaintiff stated she settled a real estate debt for less than full balance.  Defendant had asked for "proof of foreclosure dismissed." The first case provided, the foreclosure of 2010, had been dismissed by the court for failure to prosecute.  The foreclosure cases completed in 2012 and 2014 in both cases specifically ruled Plaintiff had no personal obligation on the debt and was not a party to the suit, which proceeded in rem.  This was mandatory under the bankruptcy discharge injunction of May 20, 2009, which forbade any subsequent action against Plaintiff to collect on the loan obligation.  So Plaintiff did not know the source of the information that Plaintiff had settled real estate debt for less than full balance and made inquiry on Defendant.

30.)  On October 22, 2020, Defendant responded through an attorney " Third Federal's denial of credit to Judy Fillinger was not based on a report of discharge of debt by bankruptcy beyond the ten-year limit.  Rather it was a proper underwriting decision based upon your client's own disclosure that she was a defendant in a foreclosure."

31.)  Under 12 CFR 1002.6(a)(6)(ii), setting forth requirements under the Equal Credit Opportunity Act, a creditor must consider credit information not reported through a credit bureau when the information relates to the same history that the creditor would consider if reported through a credit bureau, and the creditor on the applicant's request must consider any information the applicant may present that tends to indicate the credit history being considered by the creditor does not accurately reflect the applicant's creditworthiness.

32.)  Creditor never considered the information provided by Plaintiff that had ruled Plaintiff was not a party to the foreclosures.

33.)  The failure to consider the information provided by Plaintiff was an error of legal judgment and was not inadvertent.

34.)  **Wherefore** Plaintiff seeks actual damages of $20,000, punitive damages of $10,000, costs and attorney fees under 12 CFR 1002.16(b).

COUNT FOUR

---------Wherein Plaintiff Informs Defendant That Plaintiff Did Not Provide Information That Plaintiff Settled a Real Estate Debt for Less Than Full Balance, Plaintiff Made Demand for the Source of Information, Defendant Now States Defendant Received the Information Informing Its Denial From a Credit Reporting Agency, and the Credit Reporting Agency on Inquiry by Plaintiff Denies It Provided the Information-------.

35.) In August, 2020, Plaintiff made a Uniform Residential Loan Application, identical to Form 5, Appendix, of 12 CFR 1002 (Regulation B), to refinance an existing residential mortgage.

36.)  Plaintiff disclosed on that application that Plaintiff had been directly obligated on a loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment.

37.)  On August 11, 2020 Defendant's agent Marvella Munroe more specifically asked for confirmation whether Plaintiff was "directly or indirectly involved in a loan that resulted in a foreclosure."

38.)  On September 15, Marvella Munroe stated  "Need all bankruptcy documentation also for review if proof of foreclosure dismissed can be given.  This would be needed for review."

39.) On September 15, 2020, Plaintiff provided copies of portions of the dockets of three foreclosure cases, one a refiled case, resolved 8/31/2010, 9/24/2014, and 12/28/2012, and the PACER bankruptcy report showing listed Real Property, the Schedule of Secured Creditors, and the discharge of Debtor dated 5/20/2009.

40.)  On September 19, 2020, Marvella Munroe stated in an e-mail "After review of supporting documents for foreclosure/bankruptcy, unfortunately, the loan was denied. No loan due to Settled real estate debt for less than full balance.(2 of properties were Sheriff Sales)."

41.)  Plaintiff was uncertain what "supporting documents" were used to deny the loan for "settled real estate debt for less than full balance" since nothing provided by Plaintiff stated she settled a real estate debt for less than full balance.  Defendant had asked for "proof of foreclosure dismissed." The first case provided, the foreclosure of 2010, had been dismissed by the court for failure to prosecute.  The foreclosure cases completed in 2012 and 2014 in both cases specifically ruled Plaintiff had no personal obligation on the debt and was not a party to the suit, which proceeded in rem.  This was mandatory under the bankruptcy discharge injunction of May 20, 2009, which forbade any subsequent action against Plaintiff to collect on the loan obligation.  So Plaintiff did not know the source of the information that Plaintiff had settled real estate debt for less than full balance.

42.)  On September 20, 2020, Plaintiff informed Defendant that due to Plaintiff's 2009 bankruptcy, Plaintiff was not a judgment party to the foreclosures, which necessarily proceeded in rem, and therefore she could not  have "settled real estate debt for less than full balance"  and requested a review of Defendant's denial of loan.

43.)  On September 29, 2020, Defendant issued Plaintiff a Statement of Credit Denial, Termination, or Change.  The Statement was a form document with 23 preprinted reasons for denial indicated by checking a box.  There was a box for "Foreclosure or Repossession", unchecked, and "Bankruptcy", unchecked and . There was provision on

the form to create a reason not preprinted, and there Defendant stated "Principal reason(s) for credit denial ... X settled real estate debt for less than full balance" and "Our credit decision was based in whole or in part on information obtained from the consumer reporting agency or agencies listed below", providing the name Factual Data and its contact information.  The box indicating that Plaintiff's credit decision was based in whole or in part on information obtained from other than a consumer reporting agency was unchecked.

44.)  On October 2, 2020 Plaintiff contacted Factual Data: "Judy requests a description of the transaction or transactions you reported to Third Federal wherein she settled real estate debt for less than full balance."

45.)  On October 12, 2020, Factual Data responded to Plaintiff's inquiry that "the verbiage 'settled real estate debt for less than full balance' is not appearing in this credit report.  Please contact your lender to discuss the reason they listed that on your statement of credit denial, termination, or change."

46.)  The Fair Credit Reporting Act at Section 615, 15 USC 1681m, requires that any person who takes an adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, that person shall provide oral, written, or electronic notice of the adverse action to the consumer, provide the contact information for the credit reporting agency and a notice of the consumers right to dispute the accuracy or completeness of any information furnished by the agency.   When pressed by Plaintiff for the source of the information resulting in an adverse action, Defendant on September 29, 2020, falsely and willfully stated to Plaintiff that Factual Data, a credit reporting agency, was the source of information.

47.)  **Wherefore**, Plaintiff seeks the larger of actual damages of $20,000 or $1000, costs, punitive damages and attorney fees per 15 USC 1681n.

## COUNT FIVE

-------Wherein Defendant is Informed the Credit Reporting Agency Denies Being the Source of the Information that Plaintiff Settled Real Estate Debt for Less Than Full Balance, Defendant Newly Claims Plaintiff Was Denied because Plaintiff was a Party to a Foreclosure, Plaintiff Denies Being Adjudged in a Foreclosure Proceeding, and Plaintiff Concludes Defendant Has Still Not Provided a Source for the Information Plaintiff Settled Real Estate Debt for Less Than Full Balance--------.

48.)  Plaintiff restates the allegations of Paragraphs 35-45 of Count Four.

49.)  On October 16, 2020, Plaintiff informed Defendant of Factual Data's denial that they reported Plaintiff settled real estate debt for less than full balance, again pointed out that Plaintiff was not a judgment party to the foreclosures,  and concluded "Therefore I again request your legal department review this credit denial and also that

Third Federal correctly report the source of their report that Judy 'settled real estate for less than full value.'  Otherwise Third Federal's denial of credit to Judy is clearly based in a report of discharge of debt for less than full balance by bankruptcy, beyond the 10 year limit."

50.)  On October 22, 2020, Defendant responded " Third Federal's denial of credit to Judy Fillinger was not based on a report of discharge of debt by bankruptcy beyond the ten-year limit.  Rather it was a proper underwriting decision based upon your client's own disclosure that she was a defendant in a foreclosure."

51.)  By Defendant's omissions/admissions, the decision to deny the loan did not involve Plaintiff being a defendant in a foreclosure:  Defendant in its September 29, 2020, Statement of Credit Denial, Termination, or Change failed to check the boxes for either Foreclosure, Bankruptcy or Collection Action of Judgment.

52.)  Plaintiff was not the source of the information that Plaintiff was a defendant in a foreclosure:   The box indicating that Plaintiff's credit decision was based in whole or in part on information obtained from other than a consumer reporting agency was unchecked in Defendant's September 29, 2020, Statement of Credit Denial, Termination, or Change;  Defendant's demand on August 11, 2020 was for confirmation whether Plaintiff was "directly or indirectly involved in a loan that resulted in a foreclosure":  the loan was involved in a foreclosure, Plaintiff was not.  Both foreclosures had explicitly dismissed her as a defendant and held she had no liability on the loan at issue.  The denial of credit did not cite the loan's history of litigation as the reason for the denial of credit.

53.)  Defendant's shifting and contradictory responses for the source of derogatory information fail to provide the certainty the Fair Credit Reporting Act requires.

54.)  The Fair Credit Reporting Act , Section 615(b) requires whenever credit is denied because of information obtained from a person other than a consumer reporting agency bearing upon the consumer's credit worthiness, the user of such information shall upon the consumer's written request for the reasons for such adverse action disclose the nature of the information to the consumer;  similar Fair Credit Reporting Act requirements exist for use of credit reporting agency reports.  Defendant after numerous requests and differing responses, has failed to definitively disclose the derogatory information and its source used in denying a credit application.

55.)  **Wherefore**, Plaintiff seeks the larger of actual damages of $20,000 or $1000, costs, punitive damages and attorney fees per 15 USC 1681n.


/s/ John Wood
John Wood, Esq. Ohio Reg. # 0059129
Counsel to Plaintiff
c/o 12614 Britton Drive

Cleveland, Ohio 44120
216-707-0474
kayakmanjd@hotmail.com