# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JUDY FILLINGER, | Case No. 1:20-cv-02537 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Judy Fillinger applied for a loan with Defendant Third Federal Savings and Loan Association, which the bank denied.  Initially, the bank provided one explanation, which did not ring true to Ms. Fillinger.  Later, the bank's lawyer offered another.  These changing stories prompted Plaintiff to file suit and allege violations of the Fair Credit Reporting Act and the Equal Credit Opportunity Act.  Defendant moves to dismiss.  For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss.

## STATEMENT OF FACTS

Plaintiff Judy Fillinger applied for a loan with Defendant Third Federal Savings and Loan Association in August 2020.  (ECF No. 1, ¶ 2, PageID #1.)  On her loan application, Ms. Fillinger disclosed that she previously had a loan on which the lender foreclosed.  (*Id.*, ¶ 3, PageID #2.)  Defendant's agent, Marvella Munroe, requested additional information, including bankruptcy documentation to determine if Plaintiff's foreclosures had been discharged.  (*Id.*, ¶¶ 4 & 5.)  In response,

Ms. Fillinger provided copies of dockets from three foreclosure cases in 2010, 2012, and 2014 and a bankruptcy report listing real property, a schedule of secured creditors, and a discharge from 2009. (*Id.*, ¶ 6.) A few days later, on September 19, 2020, Third Federal denied Ms. Fillinger's loan application. (*Id.*, ¶ 7.) An email from Munroe advised Plaintiff that, "[a]fter review of supporting documents for foreclosure/bankruptcy, unfortunately, the loan was denied." (*Id.*) Munroe also noted that Third Federal denied the loan application because Ms. Fillinger had previous loans for real estate settled for less than their full balance. (*Id.*)

Ms. Fillinger questioned this explanation because the documents she supplied to Third Federal did not indicate that she settled any real estate debt for less than its full balance. (*Id.*, ¶ 8.) In particular, the 2010 foreclosure case was dismissed for failure to prosecute, and the two later cases ruled that Ms. Fillinger was not a party and had no obligation on the debt. (*Id.*) Pointing to her 2009 bankruptcy filing, which resulted in her dismissal from the 2012 and 2014 foreclosure actions, Ms. Fillinger promptly requested a review of the denial of her loan application. (*Id.*, ¶ 42, PageID #6.) In response, Third Federal issued Ms. Fillinger a Statement of Credit Denial, Termination, or Change on a standard form, on which Defendant left unchecked the foreclosure and bankruptcy boxes and indicated that the reason for the denial was settling a real estate debt for less than its full balance. (*Id.*, ¶ 43, PageID #6–7.) Further, that Statement of Credit Denial, Termination, or Change specified that Third Federal based its denial "in whole or in part on information

2

obtained from the consumer reporting agency or agencies listed below," a company called Factual Data. (*Id.*, ¶¶ 43 & 44, PageID #7.)

Plaintiff contacted Factual Data to request a description of the transaction reported to Third Federal that supplied the basis for the denial of her loan application. (*Id.*, ¶ 44.) In response, Factual Data advised that its credit report did not include information that she settled a real estate debt for less than its full balance. (*Id.*, ¶ 45.) With this information, Plaintiff again contacted Third Federal, which responded through an attorney. (*Id.*, ¶ 30, PageID #5.) Defendant took the position that "Third Federal's denial of credit to Judy Fillinger was not based on a report of discharge of debt by bankruptcy beyond the ten-year limit. Rather it was a proper underwriting decision based upon your client's own disclosure that she was a defendant in a foreclosure." (*Id.*)

## STATEMENT OF THE CASE

Based on these allegations, Plaintiff asserts five claims under the Fair Credit Reporting Act and the Equal Credit Opportunity Act. In Counts One and Two, alleging violations of the Fair Credit Reporting Act and the Equal Credit Opportunity Act, respectively, Plaintiff seeks $100 in actual damages, costs, and attorney's fees. In Count Three, for alleged violations of the Equal Credit Opportunity Act, Plaintiff seeks actual damages of $20,000, punitive damages of $10,000, costs, and attorney's fees. In Counts Four and Five, alleging violations of the Fair Credit Reporting Act, Plaintiff seeks the greater of $20,000 in actual damages, or $1,000 plus punitive damages in an unspecified amount, costs, and attorney's fees. Defendant moves to dismiss each count for failure to state a claim.

## PROCEDURAL NOTE

Defendant includes as part of its reply brief a motion to take judicial notice of certain documents, the three docket sheets referenced in the complaint Plaintiff provided in response to Munroe's request. On the one hand, on a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to or made part of the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Under this standard, the dockets that Defendant submits are public records and sufficiently made a part of the pleading through repeated references to them such that the Court believes it could consider them on a motion to dismiss without converting the motion to one for summary judgment.

On the other hand, the dockets themselves offer little beyond the allegations of the complaint, and the Court does not believe their consideration adds much beyond the allegations. Nor does the Court think it proper for a motion to be joined with a reply brief. Therefore, the Court **DENIES** the motion to take judicial notice and gives no consideration to the cases and dockets that are the subject of Defendant's motion beyond the information provided about them in the complaint.

## ANALYSIS

To survive dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "states a claim for relief that is plausible, when measured

4

against the elements" of the cause of action asserted. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). To meet Rule 8's pleading standard, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). To state a claim, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555.

In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the plaintiff, accepts the factual allegations of the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). In reviewing a motion to dismiss, the Court distinguishes between "well-pled factual allegations," which it must treat as true, and "naked assertions," which it need not. *Iqbal*, 556 U.S. at 628. The Court will also not accept as true "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

On a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to or made part of the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Accordingly, the Court's review at this stage of the proceedings includes the Inspector

General and federal reports on which Plaintiff relies. *See Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 657 n.2 (6th Cir. 2021).

## I. Fair Credit Reporting Act—Count One and Count Five

In Count One of her complaint, Plaintiff asserts a violation of Section 615(b) of the Fair Credit Reporting Act. (ECF No. 1, ¶ 9, PageID #2.) Under Section 615(b)(1), a potential lender must disclose, on timely written request, the information that prompted the denial of an application for credit. In relevant part, that statute—titled "Adverse Action Based on Information Obtained from Third Parties Other Than Consumer Reporting Agencies"—provides:

> Whenever credit for personal, family, or household purposes involving a consumer is denied . . . because of information obtained from a person other than a consumer reporting agency bearing upon the consumer's credit worthiness, . . . character, general reputation, personal characteristics, or mode of living, the user of such information shall, within a reasonable period of time, upon the consumer's written request for the reasons for such adverse action . . . disclose the nature of the information to the consumer.

15 U.S.C. § 1681m(b)(1).

Initially, Defendant seeks dismissal based on the definition of the term "information," which involves information furnished by a person related by common ownership or affiliated by common corporate control to the entity taking the action complained of. *Id.* § 1681m(b)(2)(C)(i). On its face, however, that definition applies to Section 615(b)(2) of the statute, *id.* § 1681m(b)(2)(C), and Plaintiff proceeds under Section 615(b)(1).

Based on the statute's title, Defendant also contends that the information it must disclose under the statute is only information from a third party and that

6

Plaintiff cannot be a third party to her own transaction. But this argument misreads the complaint. Plaintiff alleges that, in response to Defendant's request, she provided third-party documents to Third Federal consisting of the dockets of three foreclosure cases. (ECF No. 1, ¶ 6, PageID #2.) Defendant reads the statute as applying to the direct, physical source of the information providing the basis for its decision—in this case, Plaintiff herself. But the statute's focus is the source of the information, in this case information from three foreclosure dockets. Defendant's reading would likely bar suit in many cases because much of the time a consumer would likely provide information to a potential lender on request, instead of having a lender obtain information directly from a third party. Indeed, Defendant cites no authority supporting its reading of the statute. Although Ms. Fillinger provided the dockets to Defendant, Third Federal obtained the *information* from third parties, namely the court dockets.

Further, when communicating an adverse action on an application for credit, Section 615(b) requires that a potential lender notify a consumer of the right to request the information that prompted the adverse decision. The statute provides:

> The user of such information shall clearly and accurately disclose to the consumer his right to make such written request at the time such adverse action is communicated to the consumer.

15 U.S.C. § 1681m(b)(1). Plaintiff alleges that Third Federal failed to advise her of her right to request the information on which Defendant made its decision not to extend her credit. (ECF No. 1, ¶ 10, PageID #2.) This statutory right arises from the same "information obtained from third parties"—namely, the court dockets.

7

Accordingly, the Court **DENIES** Defendant's motion to dismiss Count One and Count Five.

## II. Fair Credit Reporting Act—Count Four

On the basis of Section 615, Defendant also seeks dismissal of Count Four. Defendant argues that it has no obligation under the statute because it did not rely on information from Factual Data in denying Ms. Fillinger credit. This argument fails at the pleading stage because the complaint alleges that Third Federal's notice of credit denial indicated that it relied on Factual Data, even though the corresponding box on the form was left unchecked. (ECF No. 1, ¶ 43, PageID #6–7.) Construing the allegations in Plaintiff's favor, as the Court must on a motion to dismiss, the complaint does not support Defendant's argument.

Further, Defendant maintains that the complaint shows that Factual Data was not the source of the information on which Third Federal relied to deny credit and that it provided notice under the statute on September 29, 2020. On the former point, the complaint makes conflicting allegations not proper for resolution at the pleading stage. With respect to the latter, Defendant makes this argument for the first time in reply. Therefore, the Court will not consider it. Accordingly, the Court **DENIES** Defendant's motion to dismiss Count Four.

## III. Equal Credit Opportunity Act

Plaintiff asserts violations of the Equal Credit Opportunity Act in Counts Two and Three. In Count Two, Plaintiff alleges that Defendant failed to make the proper statements and notifications when communicating with Ms. Fillinger. (ECF No. 1,

¶¶ 12–22, PageID #3–4.) In Count Three, Plaintiff claims Defendant failed to consider information she provided in connection with her application. (*Id.*, ¶¶ 22–34, PageID #4–5.)

On Count Two, Defendant argues that it must send notice under the Act "within thirty (30) days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application." 12 C.F.R. § 1002.9(a)(1)(i). Plaintiff counters that the regulations mandate that the required notice be given "when adverse action is taken," which did not happen here. *Id.* § 1002.9(a)(2). Construing the allegations in the favor of Plaintiff, the complaint claims that the September 19, 2020 email from Marvella Munroe communicated an adverse action and did not contain the required content. These allegations suffice to state a claim in Count Two.

In Count Three, Plaintiff alleges that "[u]nder 12 CFR 1002.6(a)(6)(ii)" a creditor must consider information an applicant presents that tends to indicate the credit history does not accurately reflect the applicant's creditworthiness. (ECF No. 1, ¶ 31, PageID #5.) In this regard, the complaint contains a typographical error, obviously referencing Section 1002.6(b)(6)(ii). Defendant's argument for dismissal on this basis is frivolous. Nonetheless, Count Three fails to state a claim for a different reason. "[A] creditor may consider any information obtained, so long as the information is not used to discriminate against an applicant on a prohibited basis." 12 C.F.R. 1002.6(a). Plaintiff fails to identify any prohibited basis on which Defendant may have discriminated against her. Instead, she claims that Third

9

Federal never considered the information she provided. But the allegations of the complaint belie that claim. The complaint alleges that Munroe requested information regarding previous foreclosures (ECF No. 1, ¶¶ 25 & 26, PageID #4), giving rise to an inference that Third Federal reviewed and considered the information. Indeed, the complaint recites facts from the information provided, bolstering the inference. (*See id.*, ¶ 28, PageID #4–5.) In the end, Plaintiff alleges that Defendant made an error of legal judgment, but fails to allege prohibited discrimination.

Accordingly, the Court **DENIES** the motion to dismiss Count Two and **GRANTS** the motion to dismiss Count Three.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss. Specifically, the Court **GRANTS** the motion with respect to Count Three and **DENIES** it as to the remaining counts of the complaint. Further, the Court **DENIES** the motion to take judicial notice.

**SO ORDERED.**

Dated: December 29, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio