UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN WOOD, Executor of the Estate of Judy Fillinger, | Case No. 1:20-cv-02537 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Judy Fillinger applied for a loan with Defendant Third Federal Savings and Loan Association, which denied the application. Initially, the bank offered one explanation, which did not ring true to Ms. Fillinger. Later, the bank offered another. These shifting explanations prompted Plaintiff to file suit alleging violations of the Fair Credit Reporting Act and the Equal Credit Opportunity Act. Both parties move for judgment as a matter of law. For the reasons that follow, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

STATEMENT OF FACTS

Although the parties disagree on the law, they largely agree on the facts underlying this dispute. In August 2020, Plaintiff Judy Fillinger, through her power of attorney John Wood, applied for a loan with Defendant Third Federal Savings and Loan Association. (ECF No. 41-1, PageID #609–10; ECF No. 41-3, PageID #679–82.) In her loan application, Ms. Fillinger checked a box labeled "Yes" for the question:

"Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or Judgment." (ECF No. 41-1, PageID #610–11; ECF No. 41-3, PageID #682.) As a result, Third Federal's agent, Marvella Munroe, requested additional information, including bankruptcy documentation, to determine whether Ms. Fillinger's foreclosures were discharged. (ECF No. 41-1, PageID #614; ECF No. 41-3, PageID #683–85.) In response, Ms. Fillinger provided copies of dockets from three foreclosure cases in 2010, 2012, and 2014, and a bankruptcy report listing real property, a schedule of secured creditors, and a discharge from 2009. (ECF No. 40-1, PageID #459–77; ECF No. 41-1, PageID #614–15 & #654.)

On September 19, 2020, Munroe sent an email to Ms. Fillinger advising that Third Federal denied her loan application. (ECF No. 41-1, PageID #618–19.) Specifically, the email states as follows:

> Hello,
>
> Per underwriting:
>
> After review of supporting documents for foreclouse / bankurcpy [*sic*], unfortunately, the loan was denied.
>
> No loan due to Settled real estate debt for less than full balance. (2 of properties were Sheriff Sales) Note: file was already sent to committee and reviewed by management.
>
> Thanks

(ECF No. 41-3, PageID #695.) Ms. Fillinger questioned this explanation because the documents she provided Third Federal did not indicate that she settled any real estate debt for less than the full balance. (ECF No. 41-1, PageID #619 & #620; ECF

2

No. 41-3, PageID #696.) In particular, Ms. Fillinger owned two rental properties in Cuyahoga County that went through foreclosure as three cases. (ECF No. 41-2, PageID #674.) In the first case, Ms. Fillinger had no equity interest in the property at the time of the 2010 sheriff's sale. (*Id.*, PageID #671.) In the two later cases, the court ruled that Ms. Fillinger was not a party and had no obligation on the debt. (*Id.*, PageID #671–73.) Pointing to her 2009 bankruptcy filing, which resulted in her dismissal from the 2012 and 2014 foreclosure actions, Ms. Fillinger requested a review of the denial of her loan application. (ECF No. 41-3, PageID #696.)

Then, on September 29, 2020, Third Federal issued Ms. Fillinger a Statement of Credit Denial, Termination, or Change on a standard form. (ECF No. 41-3, PageID #701–03.) Importantly, Third Federal left unchecked the foreclosure and bankruptcy boxes; and instead, indicated that the reason for the denial was "[s]ettled real estate debt for less than full balance." (*Id.*, PageID #702.) Further, the Statement of Credit Denial, Termination, or Change specified that Third Federal based its denial "in whole or in part on information obtained from the consumer reporting agency . . . listed below," which was a company called Factual Data. (*Id.*, PageID #703.)

After receiving the Statement of Credit Denial, Termination, or Change, Ms. Fillinger contacted Factual Data and requested a description of the transaction reported to Third Federal that supplied the basis for the denial of her loan application. (ECF No. 40-1, PageID #499.) In response, Factual Data advised that its credit report did not include information that Ms. Fillinger settled a real estate debt for less than its full balance. (*Id.*, PageID #500.) With this information,

3

Ms. Fillinger again contacted Third Federal, which responded through an attorney. (*Id.*, PageID #507–10.) According to Third Federal's attorney, the company followed its underwriting standards and denied Ms. Fillinger's loan application "due to her prior mortgage loans being resolved by her losing her title to the encumbered properties through foreclosures and as a result of the foreclosures, the loans not being repaid in full." (*Id.*, PageID #509.) Third Federal took the position that its "denial of credit to Judy Fillinger was not based on a report of discharge of debt by bankruptcy beyond the ten-year limit. Rather it was a proper underwriting decision based upon [Ms. Fillinger's] own disclosure, that she was a defendant in a foreclosure." (*Id.*, PageID #510.)

## STATEMENT OF THE CASE

Based on these events, Plaintiff filed suit alleging five claims under the Fair Credit Reporting Act and Equal Credit Opportunity Act, seeking compensatory damages, punitive damages, costs, and attorney's fees. ([ECF No. 1](#).) In Counts One and Two, alleging violations of the Fair Credit Reporting Act and the Equal Credit Opportunity Act, respectively, Plaintiff seeks $100 in actual damages, costs, and attorney's fees. (*Id.*, ¶¶ 9–19, PageID #2–4.) In Count Three, alleging violation of the Equal Credit Opportunity Act, Plaintiff seeks actual damages of $20,000, punitive damages of $10,000, costs, and attorney's fees. (*Id.*, ¶¶ 31–34 PageID #5.) In Counts Four and Five, alleging violations of the Fair Credit Reporting Act, Plaintiff seeks the greater of $20,000 in actual damages, or $1,000 plus costs, punitive damages in an unspecified amount, and attorney's fees. (*Id.*, ¶¶ 46–55 PageID #7–8.)

4

Plaintiff did not make a jury demand. (*Id.*, PageID #1 & #8–9.) Nor did Defendant make a jury demand in its answer. ([ECF No. 29](#), PageID #201 & #215.) Initially, Defendant moved to dismiss Plaintiff's claims. The Court granted Defendant's motion on Count Three, but denied its motion on Counts One, Two, Four, and Five. ([ECF No. 25](#), PageID #171.) Following the Court's Order, and after the close of discovery, the parties filed cross-motions for summary judgment.

## ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The party seeking summary judgment has the initial burden of informing the court of the basis for its motion" and identifying the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Tokmenko v. MetroHealth Sys.*, 488 F. Supp. 3d 571, 576 (N.D. Ohio 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must then "set forth specific facts showing there is a genuine issue for trial." *Id.* (citing *Anderson*, 477 U.S. at 250).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The

5

Court, instead, determines "whether the evidence presents a sufficient disagreement to require submission to a jury" or whether the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. In doing so, the Court must view the evidence in the light most favorable to the non-moving party. *Kirilenko-Ison v. Board of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 660 (6th Cir. 2020) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587).

If a genuine dispute exists, meaning "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgement is not appropriate. *Tokmenko*, 488 F. Supp 3d at 576 (citing *Anderson*, 477 U.S. at 250). If the evidence, however, "is merely colorable or is not significantly probative," summary judgment for the movant is proper. *Id.* The "mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson*, 477 U.S. at 247–48).

"Just as plaintiff may not rely on conclusory allegations to proceed past the pleading stage, so too a plaintiff may not rely on conclusory evidence to proceed past the summary-judgment stage." *Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020) (cleaned up). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* (quoting *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009)).

"[W]here, as here, the parties filed cross-motions for summary judgment, 'the court must evaluate each party's motion on its own merits, taking care in each

6

instance to draw all reasonable inferences against the party whose motion is under consideration.'" *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016) (quoting *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)). Therefore, cross-motions for summary judgment do not warrant granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed. *Langston v. Charter Twp. of Redford*, 623 F. App'x 749, 755 (6th Cir. 2015).

I. **Abandonment of Claims**

Plaintiff moved for summary judgment in its favor on the remaining claims, those asserted in Counts One, Two, Four, and Five. (ECF No. 38.) However, the Court struck Plaintiff's motion because it did not comply with the page limits of Local Rule 7.1(f). (Order [non-document], June 1, 2022.) Specifically, Local Rule 7.1(f) limits briefs in support of dispositive motions to twenty pages for standard track cases such as this. Plaintiff filed a fifty-page memorandum, causing the Court to strike the brief. Nonetheless, to afford Plaintiff an opportunity to seek a judgment as a matter of law, the Court gave Plaintiff a week to file a summary judgment motion that complied with an extended limit of twenty-five pages. (ECF No. 39.)

Instead of taking a week to comply with the new page limits the Court set, Plaintiff filed the operative motion for summary judgment the same day. (ECF No. 40.) This motion for summary judgment is silent on Counts One and Two. To comply with the page limits the Court set, Plaintiff's counsel simply removed the pages discussing Counts One and Two, opting instead to oppose Defendant's motion for summary judgment on those counts. (*Compare* ECF No. 38 *with* ECF No. 40.)

7

On this record, the Court construes Plaintiff's "failure to urge [his] claims . . . as an intention to abandon that part of the case." *Vaughn v. Mobil Oil Expl. & Producing Se., Inc.*, 891 F.2d 1195, 1198 (5th Cir. 1990). "[T]he failure to pursue a point before the trial court inevitably leads to the conclusion that the issue will not receive judicial consideration." *Id.* (quoting *Federal Deposit Ins. Corp. v. Castle*, 781 F.2d 1101, 1104 (5th Cir. 1986)). Ordinarily, a plaintiff could just oppose a motion for summary judgment, which if denied would result in the submission of his claims to a jury. In this case, however, the parties waived a jury, and the record shows general agreement about the operative facts. At least it shows no genuine dispute of material fact that would foreclose the entry of judgment as a matter of law for one party or the other on their respective cross-motions.

In this posture, if Plaintiff has not forfeited Counts One and Two, it is difficult to see how he intends to proceed. If Defendant is not entitled to judgment as a matter of law, a bench trial on the record presented—even construed in Plaintiff's favor—scarcely differs from the cross-motions for summary judgment before the Court. Accordingly, the Court construes Plaintiff's decision simply to drop any argument in his affirmative motion for summary judgment as move, too cute by half, to comply with the page limits for briefing a dispositive motion without making a sincere effort to do so. Therefore, the Court finds that Plaintiff forfeited Counts One and Two.

In any event, Count One asserts a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681m, and fails as a matter of law for the reasons discussed below. Although Count Two might appear to have merit, the Court has no occasion to

consider it. For these reasons, the Court **GRANTS** summary judgment in favor of Defendant on Counts One and Two.

## II. Private Right of Action

Counts Four and Five of the complaint assert violations of Section 615 of the Fair Credit Reporting Act, codified at 15 U.S.C. § 1681m. In Counts Four and Five, Plaintiff maintains that Third Federal's statement of credit denial violates Section 1681m(a) by falsely stating that Factual Data was the source of the information resulting in the denial of the loan. (ECF No. 40, PageID #428–30 & #434.) In Count One, if Plaintiff did not forfeit it, Plaintiff maintains that Third Federal violated Section 1681m(b)(1) by failing to provide an adverse action notice when it denied Ms. Fillinger's loan application. (ECF No. 43, PageID #736–38.) Defendant argues that it did not violate the statute because the statement of credit denial did not "specifically state[] that Factual Data [was] the source of the information: settled real estate debt for less than full balance." (ECF No. 41, PageID #584.)

### II.A. Statutory Text

Section 1681m imposes various requirements on anyone taking "adverse action" against a consumer based on information contained in consumer credit reports. 15 U.S.C. § 1681m(a)–(b). In 2003, Congress amended the Act by adding Section 1681m(h)(8), which eliminates private enforcement of Section 1681m. It provides that Section 1681n, under which Plaintiff seeks damages in Counts Four and Five (ECF No. 1, ¶¶ 47 & 55, PageID #7 & #8), "shall not apply to any failure by any person to comply with this section," 15 U.S.C. § 1681m(h)(8)(a). Lest there be any doubt, subsection (b) of the statute as amended reads: "This section shall be

9

enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section." 15 U.S.C. § 1681m(h)(8)(b).

To date, the Sixth Circuit has not addressed the issue. Only one Circuit has. In *Perry v. First National Bank*, 459 F.3d 816, 819–20 (7th Cir. 2006), the Seventh Circuit read the statutory language "this section" in Section 1681m(h)(8) to refer to Section 1681m as a whole. Accordingly, the Seventh Circuit held that Congress preempted private causes of action to enforce Section 1681m. *Id.* at 823. Indeed, "virtually every federal district court, and the only courts of appeal to address the issue, have concluded that § 1681(h)(8)'s language to be clear and unambiguous in precluding a private right of action for violations of § 1681m in its entirety." *Thomas v. BrandAuto Fin.*, No. 1:18-CV-252, 2019 WL 1769152, at *4 (E.D. Tenn. Apr. 22, 2019) (collecting cases); *see also Perry*, 459 F.3d at 822 (same). Based on the Court's reading of the plain language of the statute, and the overwhelming weight of authority, the Court agrees and determines that Section 1681(h)(8) does not authorize private enforcement.

### II.B.  Plaintiff's Counterargument

Because the statute on its face appears not to create a private right of action, an issue which the parties did not address in their summary judgment papers, the Court requested supplemental briefing on the issue. In response, Plaintiff argues that the statute does not deprive the Court of jurisdiction. (ECF No. 46, PageID #773.) In this regard, the Court agrees. The absence of a private right of action does not affect jurisdiction. "[W]hether a cause of action exists is not a question of jurisdiction." *Burks v. Lasker*, 441 U.S. 471, 476 n.5 (1979). Indeed, the Sixth Circuit

10

consistently holds that "the question of whether a complaint states a cause of action or claim for relief calls for a decision on the merits, not for a determination of jurisdiction." *Cherokee Express, Inc. v. Cherokee Express Inc.*, 924 F.2d 603, 609 (6th Cir. 1991); *see also Bush v. State Indus., Inc.*, 599 F.2d 780, 785 (6th Cir. 1979).

But just because the Court has jurisdiction does not mean a federal statute confers a private right of action. To meet this objection, Plaintiff maintains that a mistake of the codifiers of the 2003 amendment resulted in the addition of Section 1681m(h)(8), which improperly (as codified) limits the remedial provisions of the Fair Credit Reporting Act. In other words, Plaintiff maintains that inclusion of the language from the 2003 amendment in 15 U.S.C. 1681m, and its limitation on private rights of action, arises from a mistake. (ECF No. 46, PageID #774.) This argument finds no support in the text of the statute.

Section 311 of the Fair and Accurate Credit Transactions Act of 2003 begins by making clear that the amendment applies to the entirety of Section 615 of the Fair Credit Reporting Act, codified at 15 U.S.C. 1681m. It reads: "Section 615 of the Fair Credit Reporting Act (15 U.S.C. 1681m), as amended by this Act, is amended by adding at the end the following . . . ." Pub. L. 108-159, § 311(a), 117 Stat. 1952, 1988 (2003). It concludes with the language currently codified at 15 U.S.C. § 1681m(h)(8), leaving no doubt that Congress—not some bureaucratic codifier of the text enacted in the session laws—meant what it said.

Plaintiff contends that the limitation on private enforcement runs counter to the remedial provisions of Section 615 of the Fair Credit Reporting Act. Perhaps.

11

But in the twenty years since enactment of the Fair and Accurate Credit Transactions Act, in the face of multiple courts including the Seventh Circuit reading the words of the statute to mean what they say, Congress has not amended the words "this section" to mean subsection (h), not Section 1681m. Further, Plaintiff cites *no* court reading the statute as he proposes.

At bottom, the plain language of Section 1681m(h)(8) demonstrates the unambiguous congressional intent to preempt private causes of action in the enforcement of Section 1681m. "The question whether Congress intended to create a private right of action is definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class." Accordingly, the Court **GRANTS** summary judgment in favor of Defendant on Count One to the extent that Plaintiff has not abandoned it, and Counts Four and Five.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

**SO ORDERED.**

Dated: December 22, 2022

 J. Philip Calabrese
 United States District Judge
 Northern District of Ohio