UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN WOOD, Executor of the Estate of Judy Fillinger, | ) ) ) | Case No. 1:20-cv-02537 |
| Plaintiff, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) | Magistrate Judge Jonathan D. Greenberg |
| THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## OPINION AND ORDER

On December 22, 2022, the Court entered judgment in favor Defendant. Plaintiff timely moves to alter or amend that judgment. A court may alter or amend the judgment where there is a clear error of law, newly discovered evidence, or an intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

In support of the motion, Plaintiff makes two argues. First, Plaintiff maintains that the law of the case doctrine forecloses the Court's ruling that 15 U.S.C. 1681(h)(8)

does not authorize private enforcement. This argument suffers from the fatal flaw that the Sixth Circuit did not address or consider the issue in the prior appeal in this case. In that prior appeal, the Sixth Circuit took up the question of standing. But whether a statute authorizes a private right of action does not implicate a court's jurisdiction—as does standing. Instead, private enforcement "calls for a decision on the merits, not for a determination of jurisdiction." *Cherokee Express, Inc. v. Cherokee Express Inc.*, 924 F.2d 603, 609 (6th Cir. 1991); *see also Bush v. State Indus., Inc.*, 599 F.2d 780, 785 (6th Cir. 1979). Contrary to Plaintiff's argument, the Sixth Circuit's prior ruling addressed to standing did not determine, directly or by implication, the question of whether the statute creates a private right of action.

Next, Plaintiff argues that he did not abandon Counts One or Two. The record shows otherwise. Filing a motion for an extension on the day of the deadline for a dispositive motion does not afford the Court sufficient time to rule on the motion, and the Court's Civil Standing Order advises as much. Section 7.A. provides: "Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule." If Plaintiff sought a reasonable enlargement of, say, four pages, things might be different. But at more than twice the permissible page length, Plaintiff seeks to claim control over Court's docket. This he may not do.

As for the argument that Plaintiff may oppose Defendant's motion for summary judgment by affirmatively seeking relief, although he declined to do so in the motion for summary judgment he properly filed, the Court already addressed this

2

issue in its ruling. On reconsideration on the facts and circumstances of this case, the Court thinks Plaintiff abandoned Counts One and Two and sees no reason to revisit that decision.

For these reasons, the Court **DENIES** Plaintiff's motion to alter or amend the judgment. (ECF No. 50.)

**SO ORDERED.**

Dated: January 4, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio